**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **AREA TOWING & RECOVERY, INC.,** | Case No. 25-cv- |
| and | Hon. |
| **SHANE ANDERS,** | |

Plaintiffs,

**v.**

**CITY OF TAYLOR,** a municipal corporation,
**TIMOTHY WOOLLEY,** in his official and individual capacities as the
duly elected Mayor of the City of Taylor,
**CINDY BOWER**, in her official and individual capacities as the duly elected City
Clerk of the City of Taylor,
and
**CHARLES JOHNSON**, in his individual capacity as a duly elected member of the
Taylor City Council,

Defendants.

_____/

**JAMES R. AUSTIN (P43400)**
Corcoran, Austin, PC
Attorneys for Plaintiffs
6880 Thayer Lake Dr.
Alden, MI 49612
(248) 909-4752
jaustin@jaustinlaw.com

_____/

There is an action currently pending in the United States District Court
for the Eastern District of Michigan between the same or similar parties
that does NOT arise out of same transactions or occurrences as alleged in
this complaint, *Anders, et.al., v Cuevas, et.al.*, Case No. 19-cv-10989 and it is
assigned to U.S. District Court Judge Linda Parker.

<u>**COMPLAINT AND JURY DEMAND**</u>

**NOW COME**, Plaintiffs, AREA TOWING & RECOVERY, INC. and SHANE ANDERS, by and through their legal counsel, JAMES R. AUSTIN (P43400), and for their Complaint and Jury Demand ("Complaint"), state the following:

## I.    NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367; and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et.seq*.

## II.    JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367.

3. This Court has jurisdiction to render and issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et.seq*.

4. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391 because Plaintiffs are residents of and/or their principal office is located the Eastern District of Michigan, and the actions giving rise to the claims pled and alleged in this Complaint all occurred within the Eastern District of Michigan.

## III.    PARTIES

5. Plaintiff, Area Towing & Recovery, Inc. (**Plaintiff Area Towing**"), is a Michigan corporation that specializes in towing and storage, and whose principal office is located in the city of Taylor, Michigan.

6. Plaintiff, Shane Anders ("**Plaintiff Anders**"), is the sole owner of Plaintiff Area Towing, who is a resident, registered voter, homeowner and taxpayer of the city of Dearborn, MI. Plaintiff Anders is the authorized agent and representative of Plaintiff Area Towing that is legally authorized to act for and on behalf of Plaintiff Area Towing.

7. Defendant, City of Taylor ("**Defendant City**" or **"Defendant City of Taylor"**), is a municipal corporation governed by the Home Rules City Act and is governed by a city charter adopted by the voters of the Defendant City of Taylor.

8. Defendant, Tim Woolley ("**Defendant Woolley**" or **"Defendant Mayor Woolley"**), is the duly elected Mayor of the Defendant City of Taylor, who was elected to a four-year term commencing January 1, 2022, and ending on December 31, 2025.

9. Defendant, Cindy Bower ("**Defendant Clerk Bower**" or "**Defendant City Clerk**"), is the duly elected City Clerk of the Defendant City of Taylor, who was elected to a four-year term commencing January 1, 2022, and ending on December 31, 2025.

10. Defendant, Charles Johnson, ("**Defendant Councilman Johnson**"), is a duly elected member of the Taylor City Council, who was elected to a four-year term commencing January 1, 2022, and ending on December 31, 2025.

11. **All exhibits and documents referenced and/or cited in this complaint will be filed separately as a separate "Index of Exhibits".**

12. An actual controversy exists between the parties named herein.

## IV.    CAUSES OF ACTION

### COUNT I
**42 U.S.C. §1983-First Amendment Retaliation Claim- Defendants City of Taylor, Mayor Woolley, Councilman Johnson, and City Clerk Bower Retaliated Against Plaintiff Area Towing for Engaging in Political Speech, Association, and Activity, and Filing Meritorious and Successful State-Court Lawsuit That Invalidated Defendant City of Taylor's 2024/2025 RFP/RFQ For Exclusive Towing Services**.

13. Plaintiffs incorporate, repeat, and reallege the foregoing allegations as though they were fully set forth and stated herein.

14. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Mayor Woolley in both his official and individual capacities as the duly elected Mayor of the Defendant City of Taylor.

15. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Clerk Bower in her official and individual capacities as the duly elected City Clerk of the Defendant City of Taylor.

16. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Councilman Johnson, in his individual capacity as an elected member of the Taylor City Council.

17. This claim, as pled and alleged in this Count, is brought against Defendant City of Taylor under 42 U.S.C. §1983 because Plaintiff Area Towing's injuries were caused as a result of the Defendant City of Taylor's official policy, practice, and/or custom that allowed Defendant Mayor Woolley, in his official capacity, to **unilaterally** terminate Plaintiff Area Towing's exclusive towing

contract with the Defendant City of Taylor; and that allowed Defendants Mayor Wooley and Clerk Bower, in their respective official capacities, to **unilaterally** sign and enter into a separate exclusive towing contract with J & T Towing, Inc., d/b/a J & T Crova Towing ("J & T Crova") without receiving approval from the Taylor City Council.

### History of Plaintiff Area Towing's Exclusive Towing Contract With Defendant City of Taylor.

18. For the last 25 years and to date, Plaintiff Area Towing has been providing towing services to the Defendant City of Taylor.

19. In November 2007, the Defendant City of Taylor and the Taylor City Council entered into an exclusive three-year contract with Plaintiff Area Towing to provide towing services for the Defendant City of Taylor, including, but not limited to, police towing for accidents, arrests and evidence. Plaintiff Area Towing's contract commenced on November 1, 2007 with an initial expiration date of November 1, 2010.

20. Plaintiff Area Towing's November 2007 exclusive contract contained two three-year extensions, which could be exercised and extended at the discretion of the Defendant City of Taylor's Chief of Police.

21. In accordance with Plaintiff Area Towing's November 2007 exclusive contract, the Chief of Police of the Defendant City of Taylor exercised the two three-year extensions, extending Plaintiff Area Towing's contract through November 1, 2016.

22. However, prior to Plaintiff Area Towing's contract expiring, at its regular meeting held on October 18, 2016, the Taylor City Council **unanimously** approved a resolution (CCR #: 10.625-16) authorizing **a month-to-month extension** of Plaintiff Area Towing's contract ***until*** a "RFP for the public procurement of a new contract for motor vehicle towing and storage is issued, the responses to the RFP are evaluated, **and a new contract approved by Taylor City Council for motor vehicle towing and storage is awarded to replace Area Towing's current contract**." (See Taylor City Council's October 18, 2016 Resolution attached as **Exhibit 1**; See also Page 4 of the Approved Minutes from the Defendant Taylor City Council's October 18, 2016 Regular Meeting attached as **Exhibit 2**).

23. With respect to the Taylor City Council's ***unanimous*** approval of Plaintiff Area Towing's month-to-month contract, the approved minutes from the Taylor City Council's October 18, 2016 Regular Meeting accurately states the following:

> Motion By: Croft          Supported By: Bzura
>
> **Resolved:   To approve the month-to-month extension of the current towing contract with Area Towing & Recovery per the attached document**.
>
> **Unanimously carried.** (emphasis supplied.)

(See **Exhibit 2 -** Page 4 of the Approved Minutes from the Taylor City Council's October 18, 2016 Regular Meeting).

24. Soon thereafter, on November 14, 2016, the Defendant City of Taylor issued a Request for Proposals ("RFP") for towing services with proposals due on or before December 1, 2016. (See 2016 RFP, attached as **Exhibit 3**)

25. The specifications contained in the RFP issued on November 14, 2016, were drafted by the former Mayor Rick Sollars, and members of his staff in an effort to deliberately eliminate Plaintiff Area Towing from consideration.

26. Former Mayor Rick Sollars, who has since pled guilty to multiple federal bribery charges in connection with his position as Mayor, changed the specifications in the RFP in hopes of eliminating Plaintiff Area Towing from consideration because former Mayor Sollars wanted to give the towing business for the Defendant City of Taylor to Gasper Fiore, who was also subsequently convicted of multiple federal bribery charges, and his towing company, Boulevard & Trumbull Towing.

27. As noted, on November 14, 2016, the Defendant City of Taylor issued RFPs for towing, which contained revised specifications and requirements that were included with the intent to disqualify Plaintiff Area Towing.

28. On December 19, 2016, former Taylor City Councilman Alex Garza issued a letter to former Mayor Sollars and to the members of the Defendant City Council outlining his objections to the towing RFP that was unilaterally changed and altered by former Mayor Sollars and members of his administration. (See Garza letter, attached as **Exhibit 4**)

29. Under protest, Plaintiff Area Towing submitted a bid in accordance with the revised RFP.

30. Then on March 20, 2018, former Mayor Sollars requested the Taylor City Council approve 3 tow companies who had submitted proposals in response to the Defendant City of Taylor's 2016 RFP for towing services. (See Approved Minutes from Taylor City Council's March 20, 2018 meeting attached as **Exhibit 5**).

31. At the March 20, 2018 City Council meeting, the Taylor City Council voted not to approve the former Mayor Sollars' recommendation to approve 3 tow companies. (See **Exhibit 5**).

32. Instead, at the March 20, 2018, regular meeting of the Taylor City Council, the Taylor City Council, by a majority vote of 5-to-2, voted to approve a three-year contract for Plaintiff Area Towing to serve as the primary towing contractor for the Defendant City of Taylor, and approved J&M towing as the sole heavy-duty towing subcontractor. (See **Exhibit 5**).

33. However, on March 23, 2018, pursuant to Section 7.13 of the Defendant City of Taylor's City Charter[1], former Mayor Sollars, exercising his powers as

---

[1] Section 7.13 of the Taylor City Council states:
   "**No ordinance or resolution of the Council shall have any force or effect if, *within seventy-two (72) hours after adoption thereof*, the Mayor, or persons acting in his stead according to the provisions of this Charter, shall file in the office of the Clerk, a notice, in writing, suspending the operation of such ordinance or resolution and setting forth his reasons therefor.** In each case where the Mayor shall file such notice, such ordinance or resolution shall not go into effect, unless the Council shall, within two weeks thereafter, adopt such ordinances or

Mayor, vetoed the Taylor City Council's March 20, 2018, resolution, which authorized the Taylor City of Taylor to enter into a three-year contract with Plaintiff Area Towing for towing services. (See Former Mayor Sollars' March 23, 2018 veto attached as **Exhibit 6**).

34. Since former Mayor Sollars' March 23, 2018, veto, Plaintiff Area Towing has continued to serve as the exclusive tower for the Defendant City of Taylor providing towing services to the Defendant City of Taylor on a month-to-month basis in accordance with the October 18, 2016 resolution of the Taylor City Council.

35. There is no provision in the Defendant City of Taylor's Charter that allows for a resolution to be rescinded prior to the specific terms of that resolution being fulfilled or a vote of the majority of the City Council to rescind it.

36. To date, the Taylor City Council has **not** voted to rescind, amend and/or void its October 18, 2016 resolution authorizing and approving the month-to-month extension of Plaintiff Area Towing's exclusive towing contract with the Defendant City of Taylor.

---

resolution by the affirmative vote of not less than five (5) of its members, provided that in the event the members of the Council are increased to nine (9) then the affirmative vote of six (6) members of the Council shall be required to adopt such ordinance or resolution. If any such ordinance or resolution shall be passed, it shall become effective according to the terms thereof as originally adopted, except that it shall not be effective prior to the time of its last adoption as required herein. In the event a veto is overridden, the Mayor shall be barred from any future veto of the same resolution or ordinance." (emphasis supplied).

## Defendant City of Taylor's 2021 Nonpartisan Mayoral and City Council Elections.

37. Sometime in the year 2021, Defendant Mayor Woolley filed to run for Mayor of the Defendant City of Taylor against then-incumbent, former Mayor Rick Sollars, and former State Representative Alex Garza.

38. In 2021, Defendant Mayor Woolley was a duly elected member of the Taylor City Council.

39. Sometime in the year 2021, Defendant Councilman Johnson filed to run for re-election to the Taylor City Council.

40. Plaintiff Anders, in his official capacity as owner, authorized agent and representative of Plaintiff Area Towing, publicly supported and campaigned for former State Representative Alex Garza for Mayor in the 2021 Defendant City of Taylor's Mayoral election.

41. Plaintiff Anders, in his official capacity as owner, authorized agent and representative of Plaintiff Area Towing, publicly opposed the candidacy and re-election of Defendant Councilman Johnson.

42. In May 2021, Plaintiff Anders, in his official capacity as owner, authorized agent and representative of Plaintiff Area Towing, supported financially and in other respects a lawsuit filed by Taylor residents and registered voters Jeffrey Jones and Martin James Drouillard to remove certain mayoral and city council candidates, including but not limited to Defendants Mayor Woolley and Councilman Johnson, from the August 2021 primary election ballot due to their submissions of false affidavits of identity in violation of

MCL 168.558 of Michigan Election Law.  See *Jones v Taylor City Clerk*, unpublished per curiam opinion of the Court of Appeals, issued June 2, 2021 (Docket No. 357264), attached as **Exhibit 7**.

43. Both Defendants Mayor Woolley and Councilman Johnson knew that Plaintiff Anders opposed their candidacies in Defendant City of Taylor's 2021 mayoral and city council elections.

44. On June 2, 2021, the Michigan Court of Appeals ordered the removal of Defendant Councilman Johnson from the August 2021 primary election ballot as a candidate for re-election to the Taylor City Council because Defendant Councilman Johnson filed a false affidavit of identity with the Defendant Clerk Bower in violation of MCL 168.558 of Michigan Election Law. See **Exhibit** 7, *Jones v Taylor City Clerk*, unpublished per curiam opinion of the Court of Appeals, issued June 2, 2021 (Docket No. 357264).

45. However, the Michigan Court of Appeals did not order Defendant Mayor Woolley to be removed from the August 2021 primary election ballot as a candidate for Mayor of the Defendant City of Taylor because **it "appear[ed] to be a factual dispute regarding whether he failed to pay his outstanding $25 fee."** See **Exhibit** 7, *Jones v Taylor City Clerk*, unpublished per curiam opinion of the Court of Appeals, issued June 2, 2021 (Docket No. 357264), slip op at p 6 (emphasis supplied).

46. Defendant Councilman Johnson was forced to run as a write-in candidate in the August 2021 primary election and campaigned on the promise to

eliminate the contract of Plaintiff Area Towing with the Defendant City of Taylor.

47. In July 2021, Plaintiff Anders and Taylor resident and community activist Martin Drouillard filed a formal criminal complaint, through their retained legal counsel, with the Taylor Police Department and Michigan State Police requesting the law enforcement agencies to conduct a criminal investigation to determine whether Defendant Councilman Johnson, former Mayor Richard Sollars, and former city council candidate Caroline Patts committed perjury in violation of MCL 168.558(4) and MCL 168.933 of Michigan Election Law. (See Plaintiff Anders' July 2021 Criminal Complaint filed with the Taylor Police Department attached as **Exhibit 8**).

48. Although Defendant Mayor Woolley was not removed from the August 2021 primary election ballot, Plaintiff Anders, in his official capacity as owner, authorized agent and representative of Plaintiff Area Towing, publicly campaigned against Defendant Mayor Woolley and campaigned for former State Representative Alex Garza.

49. Despite Plaintiff Anders' efforts, both Defendants Mayor Woolley and Councilman Johnson were successful in their respective elections in the November 2021 general election.

50. Defendant Mayor Woolley defeated Plaintiff Anders' endorsed mayoral candidate Alex Garza, and Defendant Councilman Johnson won his write-in campaign to be re-elected to the Taylor City Council.

51. During the August 2021 primary and November 2021 and general elections, both Defendants Mayor Woolley and Councilman Johnson stated publicly during their respective political campaigns that, if elected, they were in favor of terminating Plaintiff Area Towing's exclusive towing contract with the Defendant City of Taylor.

52. Upon information and belief, both Defendants Mayor Woolley and Councilman Johnson received political contributions from other towing operators during the August 2021 and November 2021 primary and general elections.

**Defendant City of Taylor's August 2024 RFP/RFQ for Towing Services**

53. Seeking to fulfil their campaign promises, in July 2024, Defendants Mayor Woolley and Councilman Johnson began their public smear campaigns against Plaintiff Area Towing to build up public sentiment to remove Plaintiff Area Towing as the exclusive tower for the Defendant City of Taylor.

54. On August 30, 2024, the Defendant City of Taylor issued a "Request for Qualifications" ("RFQ") to designate multiple emergency towing companies as "qualified" to enter a contract with the Defendant City of Taylor, and then advance to a second stage of the procurement process which will be referred to as a "Request for Proposal" ("RFP"). (See Defendant City of Taylor's 2024 RFQ and RFP attached as **Exhibits 8** and **9**).

55. Plaintiff Area Towing is the current exclusive towing vendor for the Defendant City of Taylor.

56. Once the Defendant City of Taylor's RFQ was issued, Defendant Councilman Johnson began posting and circulating on various social media forums false and defamatory information about Plaintiff Area Towing in an effort to build up public resentment against Plaintiff Area Towing.

57. Defendants Mayor Woolley and Councilman Johnson received financial support from a third-party towing vendor to widely promote and circulate their vicious, slanderous, and defamatory statements about Plaintiffs Area Towing and its owner, Plaintiff Anders.

58. Undeterred by the public smear campaign orchestrated by Defendants Mayor Woolley and Councilman Johnson, Plaintiff Area Towing and its owner, Plaintiff Anders, reviewed the contents of the Defendant City of Taylor's RFQ and discovered that several of its provisions directly conflicted with various provisions of state law.

59. As questions submitted to the RFQ, in a letter to the Defendants dated September 3, 2024, Plaintiffs' counsel detailed how various provisions of the RFQ violated various provisions of state law, including, but not limited to:

   a. Requiring the selected towing company to violate MCL 324.8902(2) to only remove injurious substances from a wrecked vehicle at the direction of the Taylor Police Department;

   b. Requiring the selected towing company to waive its rights regarding the statutory procedures set out in MCL 257.252a(6) for the determination of whether towing and storage charges are reasonable;

c.  Requiring the selected towing company to waive its rights regarding the statutory procedures set out in MCL 257.252e for exclusive jurisdiction in the State District Courts for the determining whether a towing agency has acted properly in reporting or processing a vehicle under MCL 257.252a or 257.252d;

d.  Requiring the selected towing company to waive its rights regarding the statutory exclusive remedies set out in MCL 257.252e for the disposition of abandoned vehicles;

e.  Requiring the selected towing company to waive its rights regarding the statutory procedures set out in MCL 257.252i for the collection of unpaid towing and storage charges;

f.  Requiring the selected towing company to transport vehicle without charge to the City of Taylor in violation of MCL 257.676d;

g.  Requesting different rates for towing City vehicles than for police ordered tows in violation of MCL 257.676d;

h.  Regulating consensual tows in violation of 49 USC § 14501(c)(2)(C);

i.  Requiring the selected towing company to waive towing and storage fees at the request of the Chief of Police or any city official in violation of MCL 257.676d;

j.  Placing a $1,000 cap on towing and storage fees from auction proceeds to be paid to the selected towing company, in violation of MCL 257.252g(2)(a).

k. Requiring the selected towing company to only remove minor fluids (or not remove fluids at all) from an accident scene instead of "all injurious substances", requiring the selected towing company to violate MCL 324.8902(2). (See Plaintiffs' counsel's September 3, 2024 letter attached as **Exhibit 10**).

60. In response to Plaintiffs' counsel's letter, Defendants answered each of the questions detailed in the foregoing paragraph as follows:

a. The towing company is only to remove injurious substances from the surface of the roadway and only remove such "minor vehicle fluids" from the roadway that can be picked up and cleaned up with Oil Dry or similar products:

i. Taylor Police or Fire Department or both will be at all accident scenes to make a determination of whether a fluid spill is minor or whether cleanup should be performed by the tower; and

ii. The City of Taylor will not indemnify the tower if it directs the tower not to clean up injurious substances on the roadway and the tower is later found to be in violation of MCL 324.8902(2) as a result of that direction.

b. Defendants will require the tower and vehicle owner to resolve towing and storage fees through mediation and arbitration before resorting to filing a petition contesting such fees, despite filing a petition being the exclusive remedy available pursuant to MCL 257.252e(4).

c. Defendants will require the tower and vehicle owner to resolve determining whether a towing agency has acted properly in reporting or processing a vehicle under MCL 257.252a or 257.252d through mediation and arbitration before resorting to filing a petition contesting such procedures, despite filing a petition being the exclusive remedy available pursuant to MCL 257.252e(4).

d. Defendant will require the selected towing company to waive its exclusive statutory remedies set out in MCL 257.242e(4) by requiring mediation and arbitration prior to pursuing their exclusive statutory remedy.

e. Defendant will require the selected towing company to waive its exclusive statutory remedies set out in MCL 257.242i for the collection of unpaid towing and storage charges by requiring mediation and arbitration prior to pursuing their exclusive statutory remedy.

f. Defendant will require the selected towing company to transport auction vehicles without charge in violation of MCL 257.676d;

g. Defendant said that it would remove its request for different rates for towing City vehicles than for police ordered tows "as necessary", without clarifying what "as necessary" was, or under what circumstances it would not remove the request.

h. Defendant agreed to remove any regulations concerning consensual tows.

i.   Defendant agreed to change the language from "towing and/or storage fees will be waived when requested by the Chief of Police" to "towing and/or storage fees *may* be waived when requested by the Chief of Police", which would still be a violation of MCL 257.676d;

j.   Defendant will place a $1,000 cap on towing and storage fees from auction proceeds in violation of MCL 257.252g(2)(a);

k.   Without citing any authority, the Defendant defined "injurious substances" for the purpose of MCL 324.8902(2) as "minor fluids". (See Defendants' Response to Plaintiffs' Counsel's September 3, 2024 letter attached as **Exhibit 11**).

61. On September 16, 2024, Plaintiff Area Towing and its owner, Plaintiff Anders, filed a lawsuit in the Wayne County Circuit Court against the Defendants seeking declaratory and injunctive relief challenging Defendants' bidding process. The case was assigned case number 24-013390-CK and ultimately assigned to Third Circuit Court Judge Brian Sullivan.  See *Anders, et.al. v City of Taylor, et.al.*, Wayne County Case No. 24-013390-CK ("Plaintiffs' State-Court Case").

62. In Plaintiffs' State-Court Case, Plaintiff Area Towing sought immediate injunctive relief, but multiple judges of the Third Circuit Court recused themselves.  Third Circuit Court Judge Brian Sullivan ("Judge Sullivan") was eventually assigned Plaintiffs' State-Court Case.

63. Despite filing a lawsuit challenging the bidding process and their numerous objections and protests, Plaintiff Area Towing, through its owner, authorized agent and representative, Plaintiff Anders, nonetheless, filed a bid in accordance with the Defendants' RFQ/RFP.

64. On November 20, 2024, the Defendant City of Taylor opened the bids that were submitted in accordance with its RFQ/RFP.

65. On November 22, 2024, Judge Sullivan heard arguments on Plaintiff Area Towing's *initial* motion for preliminary injunction.

66. At the November 22, 2024 hearing before Judge Sullivan, the parties agreed that "if the court ***later*** found illegality, it would have the ability to order a rebid." (See Judge Sullivan's February 1, 2025 opinion and order issued in Plaintiffs' State-Court Case attached as **Exhibit 12**).

67. As noted in Judge Sullivan's February 1, 2025 opinion and order, "[o]n that basis, the court **declined to grant injunctive relief, without prejudice, to plaintiffs' ability to pursue the issue in the future**." (See **Exhibit 12**).

68. On December 2, 2024, the Defendants City of Taylor and Mayor Woolley announced the winning bidder and issued a notice of intent to award the towing contract to J & T Crova, who Plaintiffs believe financially supported Defendants Mayor Woolley and Councilman Johnson's smear campaigns against Plaintiffs Area Towing, and its owner, Plaintiff Anders.

69. Fearing the Defendants would award the contract at the next meeting of the Defendant City Council, on December 3, 2024, Plaintiffs filed a *renewed* emergency motion for injunctive relief in Plaintiffs' State-Court Action seeking to enjoin the Defendants from proceeding with the August 2024 RFP/RFQ that contained provisions that were contrary to state law.

70. On December 5, 2024, Judge Sullivan issued an order temporarily enjoining and restraining the Defendants from approving any contract for towing services until Plaintiffs' renewed emergency motion for preliminary injunction could be heard and decided. (See Judge Sullivan's December 2024 order granting Plaintiffs' *Renewed* Motion TRO issued in Plaintiffs' State-Court Case attached as **Exhibit 13**).

71. After briefing and oral argument in Plaintiffs' State-Court Action, on February 1, 2025, Judge Sullivan issued an opinion and order **granting** Plaintiffs' **renewed** motion for preliminary injunction based on the court's findings that several provisions of the Defendants' RFP/RFQ were unlawful and as a consequence, Judge Sullivan further ordered the Defendants to rebid the RFP/RFQ for towing services. (See Judge Sullivan's February 1, 2025 opinion and order granting Plaintiffs' *Renewed* Motion for Preliminary Injunction in Plaintiffs' State-Court Action attached as **Exhibit 12**).

### Defendant City of Taylor's February 2025 RFP/RFQ for Towing Services.

72. Both Defendants Mayor Woolley and Councilman Johnson stated publicly that they were disgusted and unhappy with Judge Sullivan's ruling in

Plaintiffs' State-Court Case and they vowed publicly to do any and everything within their power as elected officials to have Plaintiff Area Towing's exclusive contract terminated and to have Plaintiff Area Towing removed as the Defendant City of Taylor's exclusive tower.

73. After the issuance of Judge Sullivan's February 1, 2025 opinion and order in Plaintiffs' State-Court Action, both Defendants Mayor Woolley and Councilman Johnson's respective re-election campaigns were enriched with large political contributions from individuals and family members associated with J & T Crova and its owners for the August 2025 and November 2025 primary and general elections.

74. Additionally, with financial assistance from the owners of J & T Crova, Defendants Mayor Woolley and Councilman Johnson amplified their public smear campaigns against Plaintiff Area Towing and its owner, Plaintiff Anders to discredit and impugn the reputations of Plaintiff Area Towing and its owner, Plaintiff Anders.

75. Plaintiff Area Towing, through its owner, authorized agent and representative, Plaintiff Anders, did **not** make any monetary campaign contributions to Defendants Mayor Woolley's or Councilman Johnson's re-election campaigns for the 2025 election cycle.

76. Instead, Plaintiff Anders, in his official capacity as owner, authorized agent and representative of Plaintiff Area Towing, supported other candidates for the office of Mayor and City Council in the 2025 election cycle.

77. Plaintiffs Area Towing and Anders are **not** supporting Defendants Mayor Woolley and Councilman Johnson in their respective bids to be re-elected to their respective positions in the November 2025 general election for the Defendant City of Taylor.

78. Defendants Mayor Woolley and Councilman Johnson are fully aware that Plaintiffs Area Towing and Anders are not supporting their respective re-election bids to the positions of Mayor and City Council and that Plaintiffs are supporting other candidates for those respective elected positions.

79. On February 18, 2025, in accordance with Judge Sullivan's February 1, 2025 Opinion and Order, the Defendants issued a new RFP/RFQ that partially excluded the provisions Judge Sullivan determined to be unlawful. (See Defendants' 2025 RFP is attached as **Exhibit 14**).

80. Plaintiff Area Towing submitted a timely bid protest ("Bid Protest") and bid in accordance with the Defendant City of Taylor's February 18, 2025 RFP/RFQ and Section 8.1.1 of the Defendant City of Taylor's Central Purchasing Policies, Procedures & Protocols. (See Defendant City of Taylor's Central Purchasing Policies, Procedures & Protocols ("Purchasing Policies") is attached as **Exhibit 15**).

81. Pursuant to Section 8.1.2 of the Purchasing Policies, the Defendant City of Taylor was required to "not proceed further with the solicitation or award of the project until appeal remedies have been exhausted or until the Mayor

makes a determination that the award of the project without delay is
necessary to protect the best interests of the of the City."

82. Without ruling on Plaintiff Area Towing's bid protest, in violation of Section
8.1.2 of the Purchasing Policies, on March 24, 2025, the Defendant City of
Taylor announced the winning bidder and issued a notice of intent to award
the towing contract to J & T Crova. (See "Notice of Intent to Award" attached
as **Exhibit 16**).

83. The Defendant City of Taylor's counsel admitted, that despite the issuance of
the Notice of Intent to Award, the bids were **not** scored, and no written bid
tabulations or scoring sheets exist. (See Defendants' counsel, Ed Plato's,
March 27, 2025 email, attached as **Exhibit 17**).

84. After the Notice of Intent to Award was issued in violation of Section 8.1.2 of
the Purchasing Policies, Plaintiff Area Towing submitted another protest
related to the Notice of Intent to Award. (See Notice of Intent to Award
Protest attached as **Exhibit 18**).

85. The Defendant City of Taylor, just hours before the Taylor City Council's
April 1, 2025 regular meeting, denied Plaintiff Area Towing's Bid Protest and
Notice of Intent to Award Protest (See Defendant City of Taylor's denial of
Plaintiff's Bid Protest and Notice of Intent to Award Protest attached as
**Exhibit 19**).

86. At the April 1, 2025, regular meeting of the Taylor City Council, a resolution authorizing the award of the exclusive towing contract to J & T Crova  was placed on the agenda.

87. However, the resolution authorizing the award of the exclusive towing contract to J & T Crova was **not** approved by a majority of the members of the Taylor City Council, as a result of a 3-to-3 tie of its current members.[2] (See Minutes from April 1, 2025 regular meeting of the Taylor City Council attached as **Exhibit 20**).

88. Taylor City Councilmembers Defendant Johnson, Geiss and Witten voted **yes** to approve the resolution authorizing the award of the exclusive towing contract to J & T Crova; while Taylor City Councilmembers Brandana, Rose and Daniels voted **not to award**  J & T Crova the exclusive towing contract. (See Minutes from April 1, 2025, regular meeting of the Taylor City Council attached as **Exhibit 20**).

89. After the motion failed to award J & T Crova the exclusive towing contract, a motion was introduced to award Plaintiff Area Towing the exclusive towing contract pursuant to the terms of the RFP, which also failed. **(See Exhibit 20**).

---

[2] There are currently only six (6) elected members of the Taylor City Council due to the resignation of one its members in 2024.  To date, the vacancy has not been filed in accordance with Section 4.5 of the Taylor City Charter.  The transcript was prepared using Artificial Intelligence from the recorded meeting.  A copy of the recorded meeting is available.

90. Notably, however, at its April 1, 2025, regular meeting, the Taylor City Council did **not** vote to rescind, amend and/or void its October 18, 2016, resolution authorizing and approving the month-to-month extension of Plaintiff Area Towing's exclusive towing contract with the Defendant City of Taylor.

91. During and after the Taylor City Council's April 1, 2025, meeting, Defendant Councilmember Johnson stated publicly that it was his understanding and belief that as a result of the motion failing to award Plaintiff Area Towing the exclusive towing contract that the Defendant City of Taylor no longer had a contract with Plaintiff Area Towing.

92. The position stated by Defendant Councilmember Johnson was **not** introduced, voted upon, or adopted by the Taylor City Council.

93. Upon information and belief, Taylor City Councilmembers Brandana, Rose and Daniels, which constitute half of the members of the Taylor City Council, did not share Defendant Councilman Johnson's position that the Defendant City of Taylor no longer had a contract with Plaintiff Area Towing.

94. In order to alleviate any confusion on the Defendant City of Taylor's position with respect to the continued month to month contract with Plaintiff Area Towing, on April 3, 2025, Plaintiffs' counsel sent an email to Defendants' counsel, Ed Plato, seeking to clarify Defendant Councilman Johnson's misstatements concerning Plaintiff Area Towing's existing month-to-month

exclusive contract with the Defendant City of Taylor. (See Plaintiffs' counsel's April 3, 2025, email to Defendants' counsel attached as **Exhibit 21**).

95. On that same day, April 3, 2025, Defendants' counsel, Ed Plato, replied to Plaintiffs' counsel's email and informed Plaintiffs' counsel that he believed that that "Councilman Johnson was correct in stating that the City currently has no contract for emergency towing services. The City Council resolution, way back in October of 2016, was binding only for the Council seated at that time and cannot (and was never intended to) be binding on the City over 8 years later." (See Ed Plato's April 3, 2025 Reply Email attached as **Exhibit 22**).

96. Defendant Councilman Johnson's statements in this regard were false and defamatory and were intended to harm Plaintiff Area Towing.

**Defendant Mayor Woolley's Unilateral Termination of Plaintiff Area Towing's Exclusive Contract and Defendants Mayor Woolley's and Clerk Bower's Unilateral Award of Exclusive Towing Contract to J & T Crova.**

97. Later that same day, on April 3, 2025, Plaintiff Area Towing and its owner, Plaintiff Anders, received a termination letter signed by Defendant Mayor Woolley dated April 2, 2025, informing the Plaintiffs that "after April 30, 2025, the City of Taylor would no longer authorize Area Towing and Recovery to act as the City's vendor for Police Emergency Towing and Storage Services. At the City Council meeting on April 1, 2025, the Taylor City Council, by unanimous vote, declined to approve Area Towing as the City's emergency

towing company." (See Defendant Mayor Woolley's April 2, 2025 termination letter to Plaintiffs attached as **Exhibit 23**).

98. Defendant Mayor Woolley's April 2, 2025 termination letter further advised the Plaintiffs that "**[t]he City Administration has now selected** J & T Crova to serve as the police emergency towing company for the City of Taylor, effective May 1, 2025." (See **Exhibit 24**).

99. Defendant Mayor Woolley later issued a press release announcing his **unilateral** decision to terminate Plaintiff Area Towing's month-to-month contract and his decision to select J & T Crova to serve as the police emergency towing company for the Defendant City of Taylor.

100. Defendant Mayor Woolley's **unilateral** decision to terminate Plaintiff Area Towing's month-to-month contract and his decision to select J & T Crova to serve as the police emergency towing company for the Defendant City of Taylor was done without any vote of the Taylor City Council.

101. Defendant Mayor Woolley's **unilateral** decision to terminate Plaintiff Area Towing's month-to-month contract and his decision to select J & T Crova to serve as the police emergency towing company for the Defendant City of Taylor was done in accordance with the Defendant City of Taylor's official policy, practice, and/or custom that authorized the Defendant Mayor Woolley's actions.

102. Defendant Mayor Woolley's **unilateral** decision to terminate Plaintiff Area Towing's month-to-month contract and his decision to select J & T Crova was supported and spearheaded by Defendant Councilman Johnson.

103. Defendant Mayor Woolley's **unilateral** decision to terminate Plaintiff Area Towing's month-to-month contract and his decision to select J & T Crova  to serve as the police emergency towing company for the Defendant City of Taylor were done in retaliation for Plaintiff Area Towing's owner, Plaintiff Anders, opposing Defendant Mayor Woolley's candidacy for mayor in the 2021 city elections and in retaliation for Plaintiffs' State-Court Action that resulted in Judge Sullivan issuing a TRO and Permanent Injunctions enjoining and voiding Defendants' 2024/2025 RFP/RFQ processes.

104. Defendant Councilman Johnson's unlawful actions of issuing defamatory and slanderous statements about Plaintiffs Area Towing and Anders were also in retaliation for Plaintiff Area Towing's owner, Plaintiff Anders, opposing Defendant Councilman Johnson's candidacy for re-election to the Taylor City Council in the 2021 city elections, for Plaintiff Area Towing's owner, Plaintiff Anders, filing a criminal complaint with the Taylor Police Department and Michigan State Police requesting a criminal investigation of Defendant Councilman Johnson for him committing perjury under Michigan Election Law; and in retaliation for Plaintiffs' State-Court Action that resulted in Judge Sullivan issuing a TRO and Permanent Injunctions enjoining and voiding Defendants' 2024/2025 RFP/RFQ processes.

105. After Judge Sullivan issued his February 1, 2025 opinion and order in Plaintiffs' State-Court Action, both Defendants Mayor Woolley and Councilman Johnson stated publicly that they would do everything within their power to ensure that Plaintiff Area Towing's contract would be terminated with the Defendant City of Taylor and that Plaintiff Area Towing would not continue as the Defendant City of Taylor's exclusive tower.

106. Both Defendants Mayor Woolley and Councilman Johnson have expressed publicly their personal dislikes and animus they have towards Plaintiff Area Towing and its owner, Plaintiff Anders.

107. In accordance with the Defendant City of Taylor's official policy, practice, and/or custom as set forth in the Defendant City of Taylor's city charter or official city policies, on April 7, 2025, Defendants Mayor Woolley and Clerk Bower unilaterally signed and entered into an exclusive towing contract with J & T Crova to serve as the exclusive tower for the Defendant City of Taylor. (See Defendants' April 7, 2025 Contract with J & T Crova attached as **Exhibit 25**).

108. Defendant Clerk Bower is a "close" and "personal" friend of the Defendant Mayor Woolley.

109. Defendant Clerk Bower stated publicly and privately that she disliked Plaintiff Area Towing's owner, Plaintiff Anders', tactics of constantly suing the Defendant City of Taylor and Defendant Clerk Bower in order to get his

way and preserve Plaintiff Area Towing's exclusive towing contract with the Defendant City of Taylor.

110. Despite not having approval from the Taylor City Council, Defendants Mayor Woolley and Clerk Bower believed that the Taylor City Charter and adopted policies and ordinances of the Defendant City of Taylor empowered them individually and collectively to unilaterally execute and sign an exclusive towing contract with J & T Crova on behalf of the Defendant City of Taylor.

111. Defendants Mayor Woolley and Clerk Bower **unilaterally** signed and executed the exclusive towing agreement with J & T Crova in relation against Plaintiff Area Towing for exercising its First Amendment Rights to file meritorious litigation and engage in political speech, expression and association through its owner, agent and representative, Plaintiff Anders.

**WHEREFORE**, Plaintiffs, Area Towing and Recovery, Inc. and Shane Anders, request and pray that this Honorable Court enters judgment and grants the following relief against the Defendants City of Taylor, Timothy Woolley, Charles Johnson, and Cindy Bower, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Plaintiff Area Towing's civil and constitutional rights were violated as a direct result of the Defendant County of Taylor's official policy, custom, and/or practice that grants and authorizes Defendant Timothy Woolley and Cindy Bower, in their respective official capacities, to unilaterally terminate Plaintiff Area Towing's binding and valid month-to-month contract with the Defendant City of Taylor without approval from the Taylor City Council, and to unilaterally execute and sign a contract for J & T Crova to serve as the exclusive tower for the Defendant City of Taylor without receiving approval from the Taylor City Council in retaliation for Plaintiff Area

Towing exercising its First Amendment rights through its owner, authorized agent and representative, Plaintiff Shane Anders.

b. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendant Timothy Woolley, in his official and individual capacities as the duly elected Mayor of the City of Taylor, retaliated against the Plaintiff Area Towing for exercising its First Amendment rights through its owner, agent and representative, Plaintiff Shane Anders.

c. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendant Cindy Bower, in her official and individual capacities as the duly elected City Clerk of the City of Taylor, retaliated against the Plaintiff Area Towing for exercising its First Amendment rights through its owner, agent and representative, Plaintiff Shane Anders.

d. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendant Charles Johnson, in his individual capacity as a duly elected member of the Taylor City Council, retaliated against the Plaintiff Area Towing for exercising its First Amendment rights through its owner, agent and representative, Plaintiff Shane Anders.

e. Pursuant to 42 U.S.C. §1983, award Plaintiff Area Towing damages, including but not limited to monetary damages, punitive damages, and compensatory damages, in excess of $1 million against the Defendant City of Taylor.

f. Pursuant to 42 U.S.C. §1983, award Plaintiff Area Towing damages, including but not limited to monetary damages, punitive damages, and compensatory damages, in excess of $1 million against the Defendant Timothy Woolley, in his official and individual capacities as the duly elected Mayor of the City of Taylor, for retaliating against Plaintiff Area Towing for exercising its First Amendment rights.

g. Pursuant to 42 U.S.C. §1983, award Plaintiff Area Towing damages, including but not limited to monetary damages, punitive damages, and compensatory damages, in excess of $1 million against the Defendant Cindy Bower, in her official and individual capacities as the duly elected City Clerk of the City of Taylor, for retaliating against Plaintiff Area Towing for exercising its First Amendment rights.

h. Pursuant to 42 U.S.C. §1983, award Plaintiff Area Towing damages, including but not limited to monetary damages, punitive damages, and compensatory damages, in excess of $1 million against the Defendant Charles Johnson, in his individual capacity as an elected member of the Taylor City Council, for retaliating against Plaintiff Area Towing for exercising its First Amendment rights.

i. Award Plaintiffs their court costs and attorney's fees pursuant to 42 U.S.C. §1988.

j. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

**COUNT II**
**42 U.S.C. §1983-"Class-of-One" Equal Protection Claim- Defendants City of Taylor, Mayor Woolley, Councilman Johnson, and City Clerk Bower Treated Plaintiff Area Towing's Month-to-Month Contract Differently Than All Other  City Contractors**.

112. Plaintiffs incorporate, repeat, and reallege the foregoing allegations as though they were fully set forth and stated herein.

113. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Mayor Woolley in both his official and individual capacities as the duly elected Mayor of the Defendant City of Taylor.

114. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Clerk Bower in her official and individual capacities as the duly elected City Clerk of the Defendant City of Taylor.

115. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Councilman Johnson, in his individual capacity as an elected member of the Taylor City Council.

116. This claim, as pled and alleged in this Count, is brought against Defendant City of Taylor under 42 U.S.C. §1983 because Plaintiff Area Towing's injuries

were caused as a result of the Defendant City of Taylor's official policy, practice, and/or custom that allowed Defendants Mayor Woolley and Clerk Bower, in their respective official capacities, to treat Plaintiff Area Towing's Month-to-Month Contract differently than all the other city contractors; and that allowed Defendants Mayor Wooley and Clerk Bower, in their respective official capacities, to **unilaterally** sign and enter into a separate exclusive towing contract with J & T Crova without receiving approval from the Taylor City Council.

117. As noted, Defendants Mayor Woolley and Councilman Johnson have engaged in a public smear campaign against Plaintiff Area Towing and its owner, Plaintiff Anders.

118. Defendants Mayor Woolley and Councilman Johnson have published and disseminated via text messages, emails, billboards, social media posts, and face-to-face conversations with Taylor residents false, defamatory and slanderous information about Plaintiff Area Towing  and its owner, Plaintiff Anders.

119. Defendants Mayor Woolley's and Councilman Johnson's smear campaign against Plaintiff Area Towing was intended to create a negative perception of Plaintiff Area Towing amongst the Taylor residents.

120. Defendants Mayor Woolley and Councilman Johnson have each publicly expressed their personal dislikes and animus towards Plaintiff Area Towing and its owner, Plaintiff Anders.

121. Similarly, Defendant Clerk Bower stated publicly and privately her personal dislikes and animus towards Plaintiff Area Towing and its owner, Plaintiff Anders.

122. Defendants Mayor Woolley and Councilman Johnson have publicly criticized Plaintiff Area Towing's pricing and have publicly accused Plaintiff Area Towing and its owner, Plaintiff Anders, of criminal wrongdoing and corruption.

123. Defendants Mayor Woolley's, Councilman Johnson's and Clerk Bower's personal dislikes and animus towards Plaintiff Area Towing and its owner, Plaintiff Anders, caused Defendants, individually and collectively, to treat Plaintiff Area Towing's month-to-month contract with Defendant City of Taylor differently than all the other contracts the Defendant City of Taylor has entered into with other contractors and vendors.

124. No other contractor or vendor that the Defendant City of Taylor currently has a valid and binding contract with has been subjected to the level of harassment and scrutiny as Plaintiff Area Towing.

125. No other contractor or vendor that the Defendant City of Taylor currently has a valid and binding contract with has had their contract **unilaterally** terminated by the Defendants City of Taylor and Mayor Woolley without approval from the Taylor City Council.

126. No other contractor or vendor that the Defendant City of Taylor currently has a valid and binding contract with has had their competitor be unilaterally

granted an exclusive contract by Defendants Mayor Woolley and Clerk Bower
to provide the same scope of services without approval from the Taylor City
Council.

127. No other contractor or vendor that the Defendant City of Taylor currently has
a valid and binding contract with, were subjected to multiple biased and
rigged RFPs and/or RFQs that contained bidding or qualification
requirements that contravened or violated state law, properly promulgated
rules, and/or state regulations; and.

**WHEREFORE**, Plaintiffs, Area Towing and Recovery, Inc. and Shane
Anders, request and pray that this Honorable Court enters judgment and grants
the following relief against the Defendants City of Taylor, Timothy Woolley, Charles
Johnson, and Cindy Bower, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the
Declaratory Judgment Act declaring that Plaintiff Area Towing's civil
and constitutional rights were violated as a direct result of the
Defendant County of Taylor's official policy, custom, and/or practice
that grants and authorizes Defendant Timothy Woolley and Cindy
Bower, in their respective official capacities, to treat Plaintiff Area
Towing's binding and valid month-to-month contract differently from
all the other contracts the Defendant City of Taylor currently has with
other contractors or vendors that provide contractual services for or on
behalf of the Defendant City of Taylor.

b. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the
Declaratory Judgment Act declaring that Defendant Timothy Woolley,
in his official and individual capacities as the duly elected Mayor of the
City of Taylor, denied Plaintiff Area Towing equal protection under the
law by treating Plaintiff Area Towing's binding and valid month-to-
month contract differently from all the other contracts the Defendant
City of Taylor currently has with other contractors or vendors that

provide contractual services for or on behalf of the Defendant City of Taylor.

c. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendant Cindy Bower, in her official and individual capacities as the duly elected City Clerk of the City of Taylor, denied Plaintiff Area Towing equal protection under the law by treating Plaintiff Area Towing's binding and valid month-to-month contract differently from all the other contracts the Defendant City of Taylor currently has with other contractors or vendors that provide contractual services for or on behalf of the Defendant City of Taylor.

d. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendant Charles Johnson, in his individual capacity as a duly elected member of the Taylor City Council, denied Plaintiff Area Towing equal protection under the law by treating Plaintiff Area Towing's binding and valid month-to-month contract differently from all the other contracts the Defendant City of Taylor currently has with other contractors or vendors that provide contractual services for or on behalf of the Defendant City of Taylor.

e. Pursuant to 42 U.S.C. §1983, award Plaintiff Area Towing damages, including but not limited to monetary damages, punitive damages, and compensatory damages, in excess of $1 million against the Defendant City of Taylor.

f. Pursuant to 42 U.S.C. §1983, award Plaintiff Area Towing damages, including but not limited to monetary damages, punitive damages, and compensatory damages, in excess of $1 million against the Defendant Timothy Woolley, in his official and individual capacities as the duly elected Mayor of the City of Taylor, for denying Plaintiff Area Towing equal protection under the law by treating Plaintiff Area Towing's binding and valid month-to-month contract differently from all the other contracts the Defendant City of Taylor currently has with other contractors or vendors that provide contractual services for or on behalf of the Defendant City of Taylor.

g. Pursuant to 42 U.S.C. §1983, award Plaintiff Area Towing damages, including but not limited to monetary damages, punitive damages, and compensatory damages, in excess of $1 million against the Defendant

Cindy Bower, in her official and individual capacities as the duly elected City Clerk of the City of Taylor, for denying Plaintiff Area Towing equal protection under the law by treating Plaintiff Area Towing's binding and valid month-to-month contract differently from all the other contracts the Defendant City of Taylor currently has with other contractors or vendors that provide contractual services for or on behalf of the Defendant City of Taylor.

h.  Pursuant to 42 U.S.C. §1983, award Plaintiff Area Towing damages, including but not limited to monetary damages, punitive damages, and compensatory damages, in excess of $1 million against the Defendant Charles Johnson, in his individual capacity as an elected member of the Taylor City Council, for denying Plaintiff Area Towing equal protection under the law by treating Plaintiff Area Towing's binding and valid month-to-month contract differently from all the other contracts the Defendant City of Taylor currently has with other contractors or vendors that provide contractual services for or on behalf of the Defendant City of Taylor.

i.  Award Plaintiffs their court costs and attorney's fees pursuant to 42 U.S.C. §1988.

j.  Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

DATED:       October 25, 2025                     Respectfully submitted,

                                                  /s/ JAMES R. AUSTIN
                                                  **JAMES R. AUSTIN (P43400)**
                                                  Corcoran, Austin, PC
                                                  Attorneys for Plaintiffs
                                                  6880 Thayer Lake Dr.
                                                  Alden, MI 49612
                                                  (248) 909-4752

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**AREA TOWING & RECOVERY, INC.,**           Case No. 25-cv-
**and**                                       Hon.
**SHANE ANDERS,**

                Plaintiffs,

**v.**

**CITY OF TAYLOR,** a municipal corporation,
**TIMOTHY WOOLLEY,** in his official and individual capacities as the
duly elected Mayor of the City of Taylor,
**CINDY BOWER,** in her official and individual capacities as the duly elected City
Clerk of the City of Taylor,
and
**CHARLES JOHNSON,** in his individual capacity as a duly elected member of the
Taylor City Council,

                Defendants.

_____/

**JAMES R. AUSTIN (P43400)**
Corcoran, Austin, PC
Attorneys for Plaintiffs
6880 Thayer Lake Dr.
Alden, MI 49612
(248) 909-4752
jaustin@jaustinlaw.com

_____/

### DEMAND FOR JURY TRIAL

    **NOW COME**, Plaintiffs, AREA TOWING & RECOVERY, INC. and SHANE

ANDERS, by and through their legal counsel, JAMES R. AUSTIN (P43400), and

pursuant to Fed.R.Civ.P. 38, hereby demand a jury trial on all the issues so triable

by a jury as pled in Plaintiffs' complaint.

DATED:      October 25, 2025                Respectfully submitted,

<u>/s/ JAMES R. AUSTIN</u>
**JAMES R. AUSTIN (P43400)**
Corcoran, Austin, PC
Attorneys for Plaintiffs
6880 Thayer Lake Dr.
Alden, MI 49612
(248) 909-4752